

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| James Black,<br>Employee,<br>v.<br>Prestige Group, LLC<br>Employer. | )<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-06-0423<br><br>State File Number: 752014<br><br>Chief Judge Kenneth M. Switzer |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

This case came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, James Black, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Mr. Black's claim and in particular whether he worked for the Employer, Prestige Group, LLC, as a statutory employee. For the reasons set forth below, the Court finds Mr. Black failed to satisfy his burden to show he was an employee, thereby precluding any liability of Prestige Group's part at this time.[1]

### History of Claim

Mr. Black is a forty-six-year-old resident of Montgomery County, Tennessee. He allegedly worked at Prestige Group, a general contractor, as a laborer. The job began in late August 2014. Mr. Black's unrefuted testimony is that on September 3, 2014, as he was "working lot clean-up" he lit a "burn pile" of refuse from a construction site on Abednego Road in Springfield, Tennessee.

Mr. Black sustained multiple burns and required treatment at Northcrest Medical Center, which ordered his transport via EMS to Vanderbilt Medical Group. Mr. Black introduced no medical records into evidence regarding his treatment, but stated he fully recovered from the accident, other than some residual scarring. Mr. Black sought to introduce three medical bills into evidence relative to his treatment. Prestige Group did not object to the bills' authenticity, but objected to their admissibility as proof of the

---

[1] A complete listing of the technical record and exhibits admitted at the hearing is attached to this Order as an appendix.

necessity or reasonableness of the charges. The Court sustained the objection and admitted them into evidence for identification purposes only.

Mr. Black testified that Prestige Group's owner, Marco Hernandez, paid him via check on one occasion prior to the accident. He did not introduce a copy of a cancelled check or a pay stub into evidence. Mr. Black was initially unable to recall his rate of pay, but subsequently testified he earned $100 per day.

Mr. Hernandez testified he helped Mr. Black out while Mr. Black was between jobs. Mr. Black's principal occupation for the last fifteen years is a chef/restaurant manager. According to Mr. Hernandez, Mr. Black called him and asked for work. Because he had no work available, Mr. Hernandez told Mr. Black that a colleague/friend, Tony Spain, could use some help. Mr. Spain owns the Abednego Road property. Mr. Hernandez told Mr. Black to go to the Abednego Road worksite. Mr. Hernandez denied paying Mr. Black for work there.

Mr. Hernandez explained that Mr. Spain is part owner of a cabinetry business, and they conducted business for approximately five or six years, during which time they became friends. When Mr. Spain began construction on the Abednego Road site, he frequently consulted with Mr. Hernandez to help him find subcontractors. However, according to Mr. Hernandez, there was no contract between them relative to the project, and Mr. Hernandez did not pay the subcontractors. Mr. Hernandez conceded that Prestige did some work on the project, including some of the trim, hardwood floors and a deck, which work Mr. Black did not perform. Mr. Hernandez additionally acknowledged his name, rather than Mr. Spain's, was on the building permit for the jobsite.

On the day of Mr. Black's injury, Mr. Hernandez said he was not present. Mr. Hernandez said he was at the Abednego Road work site with Mr. Black the day before the accident took place, and everyone was "picking up" when Mr. Black announced he would return the next day to do more clean-up work. Mr. Hernandez denied telling Mr. Black what to do and in particular telling him to light the burn pile.

Mr. Black filed a Petition for Benefit Determination. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice designating compensability and Mr. Black's entitlement to medical and temporary disability benefits as disputed issues.[2] Mr. Black filed a Request for Expedited Hearing, and this Court heard the matter on May 9, 2016. At the hearing, upon the close of evidence, Prestige Group moved for a directed verdict, which motion the Court took under advisement but now denies.[3]

---

[2] The Court considers the additional issues checked on the Dispute Certification Notice but not addressed at the expedited hearing as waived.

[3] In *Burchfield v. Renfree,* 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals

Mr. Black argued that he "was told where to be, when to be there, and what to do" by Mr. Hernandez as the basis of his assertion that he was an employee. No one communicated to him that he was working for Mr. Spain, and at all times before the day of the accident, he believed he worked for Prestige Group. Prestige Group countered no employment relationship existed between it and Mr. Black because Mr. Black introduced no proof that it compensated him, nor did he know his rate of pay or the amount of payment received. Rather, Mr. Black came to work for Mr. Spain when he was between jobs in his typical line of work, restaurant management.

## Findings of Fact and Conclusions of Law

The following legal principles govern whether Mr. Black is entitled to the relief he seeks. In general, Mr. Black bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also* *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Black need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Mr. Black has the burden to come forward with sufficient evidence from which the trial court can determine whether he is likely to prevail at a hearing on the merits. *Id.*

The Workers' Compensation Law defines "employee" as "every person, including a minor, whether lawfully or unlawfully employed . . . under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(11)(A) (2015). "In order for one to be an employee of another for purposes of our Workers' Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the

---

reiterated the principles regarding directed verdicts:

> The rule for determining a motion for directed verdict requires the trial judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at *86-87 (internal citations omitted). In this case, the Court finds that reasonable minds can differ as to the conclusions to be drawn from the evidence, and therefore a directed verdict was not warranted. Further, Prestige Group's motion should be styled as a motion to dismiss, as directed verdicts are appropriate in the context of jury trials rather than bench trials.

former." *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982).

Here, the Court must rely solely on the testimony of the parties in reaching its determination. Per *Black*, the Court looks to evidence of an express or implied agreement that Mr. Hernandez would pay Mr. Black for his services. Mr. Black offered no testimony regarding the conversation between Mr. Hernandez and himself to evidence that Mr. Hernandez hired him as a Prestige employee. In contrast, Mr. Hernandez testified he told Mr. Black he had no work to offer, and directed him to see Mr. Spain for work. Mr. Black's sole proof of compensation is his testimony that Mr. Hernandez paid him, but he failed to produce any written documentation such as a cancelled check or pay stub. Moreover, his testimony was indecisive on this point: Initially, Mr. Black was unsure of the rate of pay. Mr. Hernandez denied paying Mr. Black for work done at Abednego Road. Further, Mr. Black's only proof that he performed services on behalf of Mr. Hernandez is his testimony that he reported to work at an appointed time and place and performed tasks under Mr. Hernandez's direction. Mr. Hernandez denied this. In sum, on the evidence presently before the Court, it cannot conclude Mr. Black carried his burden to show that he will likely succeed at a hearing on the merits regarding his status as an employee. Because Mr. Black has not established he is an employee, the Court must deny his requests at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Black's claim against Prestige Group and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on July 11, 2016, at 9:15 a.m. Central time.

**ENTERED this the 11th day of May, 2016.**

**Kenneth M. Switzer, Chief Judge**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without**

4

**your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of

the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of James Black
2. Notice of Denial, October 24, 2014
3. Medical bill, Robertson County EMS, $933.50: Marked for identification only
4. Medical bill, Vanderbilt Department of Pharmaceutical Services, $18.32: Marked for identification only
5. Medical bill, Vanderbilt medical Group, $3,856.00: Marked for identification only

Technical record:[4]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[4] The Court considered factual statements in these filings as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 11th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| James Black, Self-represented Employee | | | x | Jameswblack1@gmail.com |
| Michael Haynie, Employer's Counsel | | | x | mhaynie@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8